**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RX SOLUTIONS, INC.** **PLAINTIFF**

**v.** **CIVIL ACTION NO.: 1:23-cv-100-HSO-MTP**

**CAREMARK, LLC AND**
**CVS PHARMACY, INC.** **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Discovery [95] and Unopposed Motion to Amend Case Management Order [107]. Having carefully considered the Motions [95] [107], the applicable law, and the parties' submissions, the Court finds that the Unopposed Motion to Amend Case Management Order [107] should be GRANTED, and the Motion to Compel Discovery [95] should be GRANTED in part and DENIED in part as set forth below.

**BACKGROUND**

Plaintiff Rx Solutions, Inc. is a retail pharmacy in Gulfport, Mississippi. [1] at 1. Defendant CVS Pharmacy, Inc. is one of the largest retail pharmacies in the United States, and Defendant Caremark, LLC is a pharmacy benefit management ("PBM") network subsidiary of CVS. *Id.* at 2. In 2022, Rx Solutions applied for enrollment in Caremark's PBM network. *Id.* at 3. Caremark denied Rx Solutions enrollment, because of "incomplete, inconsistent, and or/inaccurate information regarding Rx Solutions ownership," and because one of the identified owners was "found guilty of violating the False Claims Act." *Id.* at 3, 5.

Following Caremark's denial, Rx Solutions filed this action against Defendants on April 14, 2023, asserting various federal and state law claims. Following the Court's rulings on

Defendants' motions to dismiss and an appeal to the Fifth Circuit, this action is back before this Court with one claim remaining against Defendants: tortious interference with business relations.

On March 16, 2026, the Court held a scheduling conference, determined what remained to be done in the case, and entered an Amended Case Management Order [70] setting forth the case deadlines and scheduling the trial in this matter. While the expert designation deadlines were later extended, the discovery deadline remains October 1, 2026, and the motion deadline remains October 15, 2026.

Prior to this action being dismissed and appealed, Rx Solutions served Interrogatories on Defendants. *See* [31]. Caremark served responses to the Interrogatories on March 1, 2024, objecting to Interrogatory Nos. 9 and 10. *See* [45] [96] at 5, 7.

More recently, on May 4, 2026, Rx Solutions served draft Rule 30(b)(6) notices on Defendants. *See* [103-1] [103-2]. On May 19, 2026, Defendants served objections to the draft notices, objecting on multiple grounds to certain deposition topics, including those at issue here. *See* [103-3].

On July 15, 2026, the undersigned conferred with the parties and addressed issues that arose concerning the written discovery requests and Rule 30(b)(6) deposition topics. *See* Minute Entry 7/15/2026. No ruling was made nor resolution reached. The undersigned, however, directed the parties to confer further and permitted the filing of appropriate discovery motions absent agreement among the parties. Unable to resolve the issues without the Court's intervention, Rx Solutions filed the instant Motion to Compel Discovery [95] on August 4, 2026.

Rx Solutions seeks a Court order compelling Defendants to supplement their answers to Interrogatory Nos. 9 and 10, requiring Caremark to present a witness to testify about Rule

30(b)(6) deposition Topics Nos. 10, 11, and 12, and requiring CVS to present a witness to testify about Rule 30(b)(6) deposition Topic No. 12.

On August 18, 2026, Defendants filed a Response in Opposition [103], arguing that Interrogatory Nos. 9 and 10 seek information that is irrelevant to the remaining claim and is unduly burdensome. They further argue that the deposition topics at issue seek testimony about the dismissed antitrust claims, fail to meet the reasonable-particularity requirement, and are not supported by the factual record.

A few days later, Rx Solutions filed a Reply [106]. Rx Solutions has also filed an Unopposed Motion to Amend Case Management Order [107], requesting a six-week extension of the discovery and motion deadlines. These matters are now ripe for review.

## ANALYSIS

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Such discovery must also be "proportional to the needs of the case[.]" *Id.* At the discovery stage, relevancy is broadly construed, and information is considered relevant if "there is any possibility that the information sought may be relevant to the claim or defense of any party." *S.E.C. v. Brady*, 238 F.R.D. 429, 436 (N.D. Tex. 2006) (cleaned up). At some point, however, discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute. Finding a just and appropriate balance in the discovery process is one of the key responsibilities of the Court, which has broad discretion over the scope of discovery. *See Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022).

Federal Rule of Civil Procedure 37 allows a motion to compel discovery or disclosure where a party fails to answer an interrogatory under Rule 33. "The party resisting discovery must

show specifically how each discovery request is not relevant or otherwise objectionable." *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 435 (N.D. Tex. 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Rule 30(b)(6) governs deposition notices directed to organizations. In the deposition notice, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In response, the organization must designate an agent to testify on its behalf "about information known or reasonably available to the organization." *Id.* "The court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous." *Dean v. Shell Pipeline Co., LP*, 2020 WL 2813521, at *3 (M.D. La. May 29, 2020) (collecting cases).

Applying these rules and principles of law, the Court finds and orders as follows:

***Interrogatory Nos. 9 and 10***

The Motion is GRANTED in part and DENIED in part as to Interrogatory No. 9 and Interrogatory No. 10. In Interrogatory No. 9, Rx Solutions asks for the names of all retail pharmacies that were denied entry into the pharmacy benefit management ("PBM") network that Rx Solutions was denied entry into, seeking this information from January 1, 2015, to the present. In Interrogatory No. 10, Rx Solutions asks for the reasons for any such denials.

Caremark objected to the Interrogatories, arguing that they were overly broad and unduly burdensome because they would require Caremark to list every denial over a nine-year period "regardless of the circumstances or facts surrounding each pharmacy's denial." [96] at 5. Caremark also objected on the grounds of relevancy and confidentiality. In addition to these objections, Caremark asserts a privilege objection to Interrogatory No. 10.

Rx Solutions argues that in order to establish that Caremark acted intentionally and that its acts were calculated to cause damage to Rx Solutions, the first and second elements of a tortious interference with business relations claim, Rx Solutions needs to know who else was denied entry into the PBM network, why, and "investigate whether others were denied admission for the same false reason or if Plaintiff is singularly situated." [96] at 8.

In response, Defendants argue that the interrogatories seek information that is not relevant and the interrogatories are unduly burdensome, as answering the interrogatories would require Caremark to "search more than ten years of records, identify every pharmacy that has been denied enrollment in Caremark's pharmacy networks, and determine the reason for each denial." [104] at 8. Defendants state that the request is not limited to similarly situated pharmacies, and the potential benefits are not proportional to the needs of the case. *Id.*

In its Reply [106], Rx Solutions argues that it is not seeking information about the nationwide PBM networks, but just the "subject PBM" to which Rx Solutions was denied entrance.

Interrogatory Nos. 9 and 10, while potentially relevant in part, are disproportionate to the needs of the case as phrased. Instead of compelling supplemental responses to the requests as written, the Court will require Caremark to provide a list of the entities that were denied entry into this particular PBM network for the same[1] or substantially similar reasons that Rx Solutions was denied entry into the network, from a more limited time period of April 14, 2019 to April 14, 2023 (the date the Complaint was filed). The Court is not persuaded that information

[1] As mentioned above, Caremark denied Rx Solutions enrollment in the subject PBM network because of "incomplete, inconsistent, and or/inaccurate information regarding Rx Solutions ownership," and because one of the identified owners was "found guilty of violating the False Claims Act." [1] at 3, 5.

regarding pharmacies denied entry for unrelated reasons would be relevant to the remaining claim in this case.

The Court overrules Caremark's confidentiality objections, as there is a Protective Order [99] in place governing discovery of any confidential information. Caremark has not established that the current Protective Order is insufficient to address its concerns.

***Rule 30(b)(6) Deposition Topics***

**Topic Nos. 10 and 11**

The Motion is DENIED as to Topic Nos. 10 and 11. Topic No. 10 seeks a Caremark representative that can speak to the entities that have been allowed to enroll, "including but not limited to when they were allowed to enroll," in the "subject PBM" that Rx Solutions was denied enrollment to. Topic No. 11 seeks a Caremark representative that can speak to the demographics of the entities that have enrolled in "the subject PBM from which Rx Solutions, Inc. was denied enrollment." [96] at 10.

Defendants objected to these topics. Rx Solutions now seeks to compel testimony on these topics, contending that it needs information regarding "what entities were denied admission into the subject PBM network to determine what reasons were used for denials" to show that "Defendants' acts were intentional and calculated to cause damage to Plaintiff." [96] at 9, 11.

Defendants argue that they should not be compelled to provide testimony on these topics, because they seek testimony outside the scope of the remaining tortious-interference claim and because they fail Rule 30(b)(6)'s reasonable-particularity requirement. However, Defendants also explain that they have supplemented their response to Interrogatory No. 11 "to identify pharmacies that it contracts within Mississippi as of July 2026," and they have already agreed to designate a corporate representative to testify about the enrollment date, demographics, and other

information regarding the identified pharmacies. Defendants oppose having a corporate representative "testify about more than 68,000 pharmacies that participate" in Caremark's national networks.

In its Reply [106], Rx Solutions argues that the topics are "narrowly drawn and specific" to the pharmacies in "the subject PBM." [106] at 4.

Defendants claim that they have already produced a list of pharmacies it contracts with in Mississippi and have designated a corporate representative to speak to the "enrollment date, demographics, and other information" regarding the pharmacies identified in their supplemental response to Interrogatory No. 11. *See* [103-7]. This is sufficient. The Court will not require Defendants to prepare a representative to speak about every pharmacy in the PBM networks. Compelling testimony about the pharmacies in the PBM networks beyond the State of Mississippi is disproportionate to the needs of the case, not sufficiently narrow, and not reasonably particular.

**Topic No. 12**

The Motion is DENIED as to Topic No. 12. In both the Caremark and CVS 30(b)(6) notices, Topic No. 12 seeks a representative from CVS and Caremark that can speak to Defendants' "market share of the prescription medication market in Stone County, Mississippi, Greene County, Mississippi, and the State of Mississippi." [96] at 12, 14. Defendants objected. Rx Solutions argues that this information will show Defendants' "size and strength compared to Plaintiff," which will help Rx Solutions establish that "Defendants' actions were calculated to cause damage to Plaintiff by driving Plaintiff out of the market." [96] at 13.

Defendants argue that this topic is improper because it relates to a dismissed claim, it fails Rule 30(b)(6)'s reasonable-particularity requirement, and it is not supported by the factual

record because Defendants confirmed that there are no CVS pharmacies in Stone County or Green County.

In response, Rx Solutions argues that if Defendants' market shares have increased because they excluded Rx Solutions from the PBM network, this would support its allegation that the reason given for exclusion was not the real reason Rx Solutions was excluded.

Rx Solutions' arguments are not persuasive. The information sought in this topic does not appear to be relevant to the tortious interference with business relations claim, especially given that Defendants have admitted that CVS operates no pharmacies in Stone County or Greene County. The information sought could be relevant to the dismissed claims, but those claims are dismissed, and "[a]ny effort to conduct discovery regarding facts relating to previously dismissed claims is improper." *Rahman v. Allstate Ins. Co.*, 2023 WL 6582993, at *5 (E.D. La. Oct. 10, 2023).

***Unopposed Motion to Amend Case Management Order [107]***

In the Unopposed Motion to Amend Case Management Order [107], Rx Solutions seeks a six-week extension of the discovery and motion deadlines. Rx Solutions explains that despite working diligently to timely complete discovery, the parties still need time to take multiple depositions. Moving the deadlines as requested will require the trial and pretrial conference to be reset. For good cause shown, the Court finds that the deadlines should be extended and the pretrial conference and trial should be reset.

IT IS, THEREFORE, ORDERED that:

1. The Motion to Compel Discovery [95] is GRANTED in part and DENIED in part;
2. To the extent that supplementation is required by this Order, Defendants shall supplement their responses by not later than September 29, 2026;
3. The Unopposed Motion to Amend Case Management Order [107] is GRANTED;

4. The discovery deadline is extended to November 13, 2026;

5. The deadline for motions (other than motions *in limine* and discovery motions) is extended to November 30, 2026;

6. The pretrial conference is reset for July 13-15, 2027 before District Judge Halil S. Ozerden;

7. The bench trial is reset for a three-week term beginning August 2, 2027 before District Judge Halil S. Ozerden;

8. Any conflict with the trial date must be submitted in writing to the District Judge on or before September 29, 2026; and

9. All other provisions and deadlines contained in the Case Management Order [34] remain in place.

SO ORDERED, this the 15th day of September, 2026.

s/Michael T. Parker
United States Magistrate Judge